**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Krystal Energy Co. Inc., ) | CV 12-00079-PHX-FJM |
| ) | CV 12-00282-PHX-FJM |
| Plaintiff, ) | BK 01-00166-GBN |
| ) | AP 01-00171-GBN |
| vs. ) | |
| ) | **ORDER** |
| The Navajo Nation, ) | |
| Defendant. ) | |

The court has before it plaintiff's motion to amend judgment (doc. 20), defendant's response (doc. 21), and plaintiff's reply (doc. 22).

This action arises from plaintiff's ejection from two oil well sites it was operating on defendant's property. As a part of plaintiff's bankruptcy proceeding, it initiated an adversary proceeding against defendant, asserting a number of claims. In 2008, the bankruptcy judge granted partial summary judgment to plaintiff on one claim for turnover of property. Defendant filed an interlocutory appeal of the ruling, which was affirmed by this district. The bankruptcy judge held an evidentiary hearing on the issue of damages for the turnover claim in 2011. The bankruptcy judge issued his proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1) in January 2012, recommending that we issue judgment in favor of plaintiff on the turnover claim in the amount of $4,000,000. The bankruptcy judge also awarded attorneys' fees and costs (doc. 1). We issued an order on May 24, 2012 that adopted the bankruptcy judge's recommendation. Having resolved all issues

1 brought to us from Bankruptcy Court, we directed the Clerk to enter judgment for plaintiff
2 and against defendant in the amount of $4,000,000 on the turnover claim, and award plaintiff
3 attorneys' fees and costs (doc. 17).  The Clerk entered judgment that same day (doc. 19).

4 Plaintiff asks that we amend the judgment to expressly indicate that it is final pursuant
5 to Rule 54(b), Fed. R. Civ. P., because doing so will enable the parties to either enforce or
6 challenge the ruling.  Defendant opposes the request, arguing that there are still unresolved
7 claims in the adversary proceeding that involve the same parties and many of the same facts.
8 Plaintiff acknowledges the existence of unresolved claims, but notes that there are no
9 outstanding issues to consider with respect to defendant's liability and damages for the
10 turnover claim.

11 A court may direct entry of final judgment as to specific claims in multi-claim actions.
12 Fed. R. Civ. P. 54(b).  We may only do so if we "expressly determine[] that there is no just
13 reason for delay."  Id.  Entering judgment under Rule 54(b) "must be reserved for the unusual
14 case in which the costs and risks of multiplying the number of proceedings and of
15 overcrowding the appellate docket are outbalanced by pressing needs of the litigants" in
16 obtaining an early final judgment for some claims.  Frank Briscoe Co., Inc. v. Morrison-
17 Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir. 1985) (citation omitted). We must consider
18 whether the appeals court  "will be required to address legal or factual issues that are similar
19 to those contained in the claims still pending before the trial court." Id. (citation omitted).
20 Similar legal or factual issues "weigh heavily against entry of judgment under the rule." Id.
21 (citation omitted).  Here, defendants point out that the following claims remain unresolved
22 in bankruptcy court: a tax determination claim, a violation of the automatic stay claim, and
23 a claim for injunctive relief that would restore plaintiff's access to the two well sites.
24 Although these claims will likely involve different legal issues, they revolve around similar
25 facts. In the ordinary case involving multiple claims pending in the same court, an entry of
26 final judgment on the turnover claim would be inappropriate.

27 This is not, however, an ordinary case.  The discrete issue brought before us in this
28 court is only one piece of an adversary proceeding still pending in the bankruptcy court.  If

we refuse to enter final judgment on the non-core claim resolved here, it is unclear at what point our ruling may become final. If the bankruptcy judge determines the remaining claims in the adversary proceeding are core bankruptcy matters, then he will enter final judgment and the parties may appeal from that judgment to the district court. If there are remaining non-core matters, the bankruptcy judge will once again send findings and recommendations to the district court for consideration. The parties may choose not to appeal from the bankruptcy judge's findings on the remaining claims. Under any of these scenarios, it is unclear when this order would become final (and thus appealable). Given the complex procedural posture of this case, the length of time this adversary proceeding has already been pending, and the uncertainty of when our ruling would become final if not expressly made so now, we conclude that there is no just reason to delay entry of final judgment on the turnover claim. See In re IndyMac Bancorp, Inc., Bankruptcy No. 2:08-bk-21752-BB, 2012 WL 1037481, at *44 (Bankr. C.D. Cal. Mar. 29, 2012) (recommending district judge enter final judgment under Rule 54(b), Fed. R. Civ. P. on some non-core claims in adversary proceeding, noting "[i]t would likely be procedurally complex and inefficient for the District Court" to review rulings on both non-core and the still-pending core claims at the conclusion of the adversary proceeding).

**IT IS ORDERED GRANTING** plaintiff's motion to amend judgment (doc. 20). Because there is no just reason for delaying entry of final judgment as to the turnover claim, we clarify that our May 24, 2012 order constitutes a direction of entry of final judgment within the meaning of Rule 54(b), Fed. R. Civ. P., and therefore the Clerk shall enter final judgment in favor of plaintiff and against defendant pursuant to the terms contained in the Amended Judgment (doc. 19).

DATED this 23rd day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge