**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Krystal Energy Co. Inc., ) | CV-12-0079-PHX-FJM |
| ) | CV-12-0282-PHX-FJM |
| Plaintiff, ) | BK 01-00166-GBN |
| ) | AP 01-00171-GBN |
| vs. ) | |
| ) | **ORDER** |
| Navajo Nation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P. (doc. 25), plaintiff's response (doc. 26), and defendant's reply (doc. 27).

This action arises from plaintiff's eviction from two oil well sites on defendant's property in 1999. Plaintiff originally filed this adversary proceeding for turnover of property under 11 U.S.C. § 542 on March 5, 2001, contending that defendant improperly removed or otherwise failed to return plaintiff's property at the time of the eviction. In 2008, the bankruptcy judge found that defendant is liable to plaintiff on the turnover claim. That decision was affirmed by this court on interlocutory appeal. In re Krystal Energy, Co., 2008 WL 4446703 (D. Ariz. Sept. 30, 2008). The bankruptcy court then held an evidentiary hearing on the issue of damages and issued proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1). The court recommended that we issue judgment in favor

of plaintiff on the turnover claim in the amount of $4,000,000 (doc. 1). On May 24, 2012, we issued an order adopting the bankruptcy judge's recommendation (doc. 17), and on August 24, 2012, judgment was entered in favor of plaintiff and against defendant in the amount of $4,000,000 (docs. 23, 24).

Defendant now asks us to alter or amend that judgment pursuant to Rule 59(e), Fed. R. Civ. P., arguing that the burden of proof was improperly placed on defendant to disprove plaintiff's ownership of the property that is the subject of the turnover claim. Defendant also challenges the method used to calculate damages.

We have already addressed and rejected both of these arguments. Defendant argued in its objections to the bankruptcy judge's proposed findings and conclusions that plaintiff had not introduced evidence of its property rights and therefore it did not meet its burden of proof on the turnover claim. We rejected that argument and concluded that plaintiff presented evidence establishing its ownership of the property. See doc. 17 at 6-7. Our acknowledgment that defendant presented no evidence to contradict plaintiff's ownership does not improperly shift the burden to defendant. Instead, it is a recognition that defendant had the opportunity to contest plaintiff's claim of ownership, but it made no effort to do so. In our order adopting the bankruptcy court's findings and conclusion we noted that "the hearing transcript reveals that defendant was provided with a full and fair opportunity to present witnesses and evidence. For whatever reason, it chose not to admit the leases, and it chose not to call witnesses to testify about whether plaintiff could remove the well casings." Id. at 7. Plaintiff's experts presented valuation evidence of the personal property located at the well sites and expressly assumed that all of the property was owned by plaintiff. Appendix Ex. D-1 at 7. At no time did defendant challenge that assumption, notwithstanding its full and fair opportunity to do so. Consequently it has waived its right to challenge it now. We reiterate our conclusion that a "post-hearing change in strategy does not justify the re-opening of the record in this decade-long adversary proceeding." Doc. 17 at 7.

We also reject defendant's renewed objection to the valuation of plaintiff's property.

Defendant again argues that the plaintiff's expert's valuations were improperly based on "fair market value in continued use" rather than the 1999 market value of the property. Motion at 6. We have already considered and rejected this argument. See doc. 17 at 8-9. As we stated before, defendant presented no evidence to establish 1999 market value or to otherwise rebut plaintiff's expert's calculations. Defendant's only witness presented a 2008 forced liquidation value of the New Mexico site, but provided no opinion regarding the 1999 value.

Rule 59(e), Fed. R. Civ. P., requires a showing of newly discovered evidence, clear error, an intervening change in controlling law, or a decision that is manifestly unjust. Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011). Defendant's repeated objections to the bankruptcy court's findings and conclusions do not satisfy this burden.

**IT IS ORDERED DENYING** defendant's motion to alter or amend the judgment (doc. 25).

DATED this 1st day of February, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge